# IN THE COURT OF APPEALS OF IOWA

No. 15-0793
Filed July 9, 2015

**IN THE INTEREST OF V.A. and M.A.,**
**Minor Children,**

**C.A., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Roberta Megel of the State Public Defender Office, Council Bluffs, for appellant father.

Sara Benson of Rouwenhorst & Rouwenhorst, P.C., Council Bluffs, for mother.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, Matthew Wilber, County Attorney, and Eric Stovers and Dawn Landon, Assistant County Attorneys, for appellee State.

Mandy Whiddon, Council Bluffs, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

A father appeals from the juvenile court order terminating his parental rights to his children V.A. and M.A.[1] The father maintains the statutory grounds for termination have not been met because the State failed to prove by clear and convincing evidence that the children could not be returned to his care at the time of the termination hearing. He also maintains termination of his parental rights was not in the children's best interests. The father recently relapsed with methamphetamine. He had a brain injury that makes it difficult for him to recall information, and he also suffers from a seizure disorder. The father fails to take his medication regularly and attend medical appointments. He relies on his aunt, whom he also lives with, for assistance to pay his bills and ensure his disability benefits continue, and there is not room in the aunt's home for the children to live. Thus, there is clear and convincing evidence the children could not be returned to the father's care at the time of the termination hearing. Moreover, the young children had been out of the home approximately one year at the time of the hearing, and permanency is in their best interests. We affirm the juvenile court's termination of the father's parental rights to both children.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be

---

[1] The mother separately filed a timely notice of appeal. However, she failed to filed her petition on appeal within fifteen days as required by Iowa Rule of Appellate Procedure 6.201(1)(b). The mother's appeal was dismissed by an order of our supreme court on June 11, 2015.

upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116 (2015). *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

The juvenile court terminated the father's parental rights to both children pursuant to Iowa Code section 232.116(1)(e) and (h) (2015). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported in the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(h) provides that termination may be ordered when the children are three years of age or younger, have been adjudicated a child in need of assistance, have been removed from the physical custody of the parent for at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing.

Here, the father contends the State has not proved by clear and convincing evidence that V.A. and M.A. could not be returned to his care at the

time of the hearing in March 2015. When the Iowa Department of Human Services (DHS) became involved with the family in March 2014, the father tested positive for methamphetamines, amphetamines, PCP, and benzodiazepines. The father was ordered to complete a drug dependency program during the pendency of the case but he was never able to do so successfully. The father admitted relapsing and using methamphetamine in February 2015— approximately one month before the hearing. Additionally, the father has ongoing health concerns. He suffered an unfortunate brain injury that makes it difficult for him to recall information. He also suffers from a seizure disorder, but due to his memory issues, he struggles to take his medication regularly and attend scheduled doctor's appointment. The father resides with his aunt and relies on her for assistance to pay his bills and ensure his disability benefits continue. The aunt, the father, and two other adults live in the aunt's two-bedroom home. The DHS case manager testified this was not a suitable housing arrangement for the children as there was not room for them in the home. Additionally, the father has refused to complete a parenting class during the year-long pendency of the case. There is clear and convincing evidence the children could not be returned to his care at the time of the hearing.

The father also maintains termination of his parental rights is not in the children's best interests. At the time of the hearing, the children had been out of the father's care for approximately one year. Although the father and children are bonded to each other, "we cannot deprive [children] of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to parent and be able to provide a stable home for

the child[ren]." *P.L.*, 778 N.W.2d at 41. Termination of the father's parental rights will allow V.A. and M.A. to achieve permanency. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and the "need for a permanent home")). It is in the children's best interests to terminate the father's parental rights.

Finding no factor in section 232.116(3) that precludes termination of the father's parental rights, we affirm the juvenile court's order.

**AFFIRMED.**